

FILED IN OPEN COURT

OCT 29 2025

CHRISTOPHER L. EKMAN, CLERK

JDR

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 25-217-TFM |
| | USAO NO. 23R00434 |
| v. | |
| | VIOLATIONS: 18 U.S.C. § 1349 |
| KARTARIUS DEWAN JOHNSON, | 18 U.S.C. § 1344(1) |
|   aka "TAREEQ AKHIL ANAD," | 18 U.S.C. § 1791(a)(1) |
|   aka "TERRY BEYBE," | 18 U.S.C. § 1791(a)(2) |
|   aka "TERRY FOSTER," and | |
| DANISHA ANITA FOSTER, | **FORFEITURE NOTICE** |
|   aka "DANI" | |

### INDICTMENT

**THE GRAND JURY CHARGES:**

### INTRODUCTION

At times material to this Indictment:

1. Bank of America, National Association ("Bank of America"), Hancock Whitney Bank, and the Federal Reserve Bank of New York ("Federal Reserve Bank") were financial institutions within the meaning of Title 18, United States Code, Section 20. The deposits of Bank of America and Hancock Whitney Bank were federally insured.

2. Pursuant to a Federal contract with the United States Marshals Service, the Escambia County Detention Center ("ECDC") in Brewton, Alabama housed federal detainees awaiting trial, sentencing, and/or immigration proceedings in the United States District Court for the Southern District of Alabama (the "Court").

3. Defendant **KARTARIUS DEWAN JOHNSON**, aka "**TAREEQ AKHIL ANAD**," aka "**TERRY BEYBE**," aka "**TERRY FOSTER**" ("**JOHNSON**") was a federal

1

inmate at ECDC as a result of his prosecution in criminal case number 1:21-cr-00142-TFM-B in the Court.

## COUNT ONE
## Conspiracy to Commit Bank Fraud
## Title 18, United States Code, Section 1349

4. The allegations in Paragraphs 1–3 of this Indictment are realleged here as though fully set forth therein.

5. From in or about July 2023 to in or about October 2023, the exact dates being unknown, in the Southern District of Alabama, and elsewhere, the defendants,

**KARTARIUS DEWAN JOHNSON, aka "TAREEQ AKHIL ANAD,"
aka "TERRY BEYBE," aka "TERRY FOSTER," and
DANISHA ANITA FOSTER, aka "DANI,"**

willfully, knowingly, and unlawfully combined, conspired, confederated, and agreed together with one another and with other persons, both known and unknown to the Grand Jury, to commit an offense against the United States, namely, bank fraud in violation of Title 18, United States Code, Section 1344(1). Specifically, the defendants, with intent to defraud, knowingly conspired to execute, and attempt to execute, a scheme and artifice to defraud a financial institution, namely, Hancock Whitney Bank and the Federal Reserve Bank.

### OBJECT OF THE CONSPIRACY

6. The purpose and object of the defendants' conspiracy was to defraud Hancock Whitney Bank and the Federal Reserve Bank of money and property in an attempt to secure **JOHNSON's** release from ECDC, where he was detained in criminal case number 1:21-cr-00142-TFM-B.

**MANNER AND MEANS OF THE CONSPIRACY**

7. The manner and means by which the conspirators sought to accomplish the conspiracy included, among other things, the following acts:

    a. drafting fictitious checks and fictitious documents that purported to obligate the Court and the United States Secretary of State to release **JOHNSON** from federal custody at ECDC; and

    b. mailing packages containing fictitious documents, fictitious checks, and other items from United States Postal Service offices in Mobile, Alabama to the Court and to the United States Secretary of State.

In violation of Title 18, United States Code, Section 1349.

## COUNT TWO
## Bank Fraud
## Title 18, United States Code, Section 1344(1)

8. The allegations in Paragraph 1 of this Indictment are realleged here as though fully set forth therein.

9. From in or about July 2021 to in or about August 2021, the exact dates being unknown, in the Southern District of Alabama, and elsewhere, the defendant,

**KARTARIUS DEWAN JOHNSON, aka "TAREEQ AKHIL ANAD,"
aka "TERRY BEYBE," aka "TERRY FOSTER,"**

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, namely, Bank of America and the Federal Reserve Bank.

**PURPOSE OF THE SCHEME AND ARTIFICE**

10. The purpose of **JOHNSON's** scheme and artifice was to defraud Bank of America and the Federal Reserve Bank in an attempt to fraudulently obtain two luxury vehicles, namely, a

2019 Rolls Royce Cullinan and a 2021 Rolls Royce Ghost, from a luxury vehicle dealership (the "Dealership").

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE

11. As part of the manner and means of his scheme and artifice, **JOHNSON** communicated with the Dealership at various times about the purchase of two vehicles from the Dealership. Further, **JOHNSON** transmitted a "letter of credit" in the amount of $825,000 to the Bureau of the Fiscal Service, U.S. Department of the Treasury and to the Consumer Financial Protection Bureau seeking funds to pay for the two vehicles. Moreover, **JOHNSON** ordered checks, drafted a fraudulent check containing the routing number of the Federal Reserve Bank as though the routing number corresponded to his own bank, and deposited the check at Bank of America, where the Dealership banked. After depositing the check, **JOHNSON** communicated with the Dealership at various times to confirm it had received the funds.

### EXECUTION OF THE SCHEME AND ARTIFICE

12. **JOHNSON** executed his scheme and artifice as provided below:

| Count | Date (on or about) | Execution of Scheme and Artifice |
|---|---|---|
| 2 | August 17, 2021 | **JOHNSON** caused the deposit of a fraudulent check in the amount of $825,000 into Bank of America account number x0310. **JOHNSON** signed the check knowing that it was counterfeit and that he had insufficient funds for the financial transaction. |

In violation of Title 18, United States Code, Section 1344(1).

## COUNTS THREE THROUGH FIVE
### Providing Contraband to a Federal Prisoner (U.S. Currency)
### Title 18, United States Code, Section 1791(a)(1)

13. The allegations in Paragraphs 2–3 of this Indictment are realleged here as though fully set forth therein.

14. On or about the below dates, in the Southern District of Alabama, the defendant,

**DANISHA ANITA FOSTER, aka "DANI,"**

contrary to ECDC rules, provided and attempted to provide a prohibited object, that is, United States currency, to an inmate of ECDC, a detention facility in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General, namely:

| Count | Date (on or about) | Prohibited object |
|---|---|---|
| 3 | October 16, 2022 | Approximately $23 in U.S. currency. |
| 4 | September 22, 2023 | Approximately $100 in U.S. currency. |
| 5 | October 6, 2023 | Approximately $27 in U.S. currency. |

In violation of Title 18, United States Code, Sections 1791(a)(1) and (b)(4).

## COUNT SIX
### Possession of Contraband by a Federal Prisoner (Phone)
### Title 18, United States Code, Section 1791(a)(2)

15. The allegations in Paragraphs 2–3 of this Indictment are realleged here as though fully set forth therein.

16.  From in or about September 2023 to in or about October 2023, the exact dates being unknown, in the Southern District of Alabama, the defendant,

**KARTARIUS DEWAN JOHNSON, aka "TAREEQ AKHIL ANAD,"
aka "TERRY BEYBE," aka "TERRY FOSTER,"**

being an inmate of ECDC, a detention facility in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General, possessed, obtained, and attempted to obtain a prohibited object, namely, a phone.

In violation of Title 18, United States Code, Sections 1791(a)(2) and (b)(4).

### FORFEITURE NOTICE AND FINDING OF PROBABLE CAUSE

Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given of Title 18, United States Code, Section 982 and Title 28, United States Code, Section 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including, but not limited to Title 18, United States Code, Section 981 and all specified unlawful activities listed or referenced in Title 18, United States Code, Section 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). Upon conviction of either Count One or Count Two, the following property is subject to forfeiture in accordance with Sections 982 and/or 2461(c):

(a)  All property which constitutes or is derived from proceeds of the violations set forth in the Indictment; and

(b)  If, as set forth in Title 21, United States Code, Section 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been

6

commingled with other property which cannot be divided without difficulty, all other property of the defendants to the extent of the value of the property described in (a).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

(a) A forfeiture money judgment in the amount of the proceeds of the violations set forth in this Indictment.

A TRUE BILL

FOREPERSON UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By:

JUSTIN D. ROLLER
Deputy Chief, Criminal Division

*for KSH*

KASEE S. HEISTERHAGEN
Chief, Criminal Division           OCTOBER 2025